# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

PEDRO NIEVES RIVERA,

    Petitioner,

v.                                              CASE NO: 5:11-CV-152-Oc-30TBS

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## **ORDER**

    THIS CAUSE comes before the Court upon the Petition for Writ of Habeas Corpus of Pedro Nieves Rivera in regards to a disciplinary hearing held on November 23, 2009. He claims:

    (1)    the evidence was insufficient to support a finding of guilt on his part; and

    (2)    his right of due process was violated because the Bureau of Prisons regulations do not give "the person of ordinary intelligence a reasonable opportunity to know what 'areas' are considered to be under or within their control."

Petitioner's Memorandum of Law, Dkt. #2, p. 8.

    The Warden has filed a Response (Dkt. #11) and Petitioner has filed a Reply (Dkt. #12).

    During a search of Petitioner's cell, which he shared with others, prison staff discovered a homemade plastic ice pick weapon underneath the top wall locker. Staff wrote

an incident report charging Petitioner with a violation of Bureau of Prisons' disciplinary code 104 for possession of a weapon. BOP regulations provide that inmates are responsible for keeping areas within their control free of contraband. BOP Program Statement 5270.07.

A Bureau of Prisons ("BOP") lieutenant investigated the charge including interviewing Petitioner. Petitioner was given a copy of the written charge and Petitioner denied any knowledge of the weapon. The matter was referred to the Unit Discipline Committee ("UDC") for further action. The UDC referred the matter to the Discipline Hearings Officer ("DHO") due to the seriousness of the charge. Petitioner was notified that there would be a disciplinary hearing and was advised of his rights concerning the disciplinary process. Petitioner requested a staff representative be assigned to assist him in his defense and that a witness be allowed to testify on his behalf. Those requests were allowed.

The DHO held the hearing on November 23, 2009. Petitioner testified that he had moved into the cell only a short time before, on October 7, 2009. He denied knowing anything about the weapon. Petitioner's witness, one of his cell mates, testified that the weapon did not belong to either the Petitioner or the witness. The DHO also received testimony from the staff member who had found the weapon and written the charge. The DHO found Petitioner's witness to be less than credible and, after considering the testimony of the BOP staff member that found the weapon, and the statement of the staff representative who represented Petitioner, found that Petitioner had committed the prohibited act of possession of contraband.

The DHO sanctioned Petitioner with the disallowance of forty (40) days of good conduct time. The DHO report was completed on November 24, 2009, and a copy was delivered to Petitioner on November 25, 2009.

Petitioner appealed the decision and supported his appeal with a claim of "newly discovered evidence." The "new evidence" was an affidavit signed by his cell mate, the same person who testified at the hearing, claiming for the first time that the weapon belonged to him and not Petitioner.

In rejecting the appeal, the appeals administrator noted:

> You contend you have discovered "new evidence" in the form of an affidavit from your cell mate at the time who indicates the weapon was his and accepts full responsibility for the weapon. Review of the record reveals this person appeared as your witness at the DHO hearing and stated the weapon did not belong to either him or you. The time for this person to acknowledge the weapon was his was during the DHO hearing. The DHO appropriately considered all evidence available at the time of the hearing and provided, in section V of the DHO report, a comprehensive description of the specific evidence relied upon to support the determination that you committed the prohibited act. We find the DHO rationally concluded the evidence supports this determination.

Administrative appeal response, Petitioner's reply (Dkt. #12), p. 17.

## **DISCUSSION**

While in prison, prisoners have some limited due process rights, but not the same as a criminal defendant during trial. The United States Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) stated:

> Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply. In

sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.

*Wolff* described these minimal procedural protections to be: written notice of the charges, a brief period of time after notice to prepare a defense, written findings of fact explaining the basis of the disciplinary decision, the opportunity to call witnesses when such does not pose a threat to prison institution security, and, under certain circumstances, the ability to have a fellow inmate or officer available to assist in one's defense. *Id.* at 564, 566, 570. All of these requirements were met in the instant case.

Petitioner's real contention is that the evidence used to hold him responsible for the weapon was insufficient. He argues that:

> Where, as here, a cell is jointly occupied, the mere fact that contraband is discovered at the cell should not without more, provide evidence sufficient to support a conviction based upon constructive possession against the occupants, because it is pure speculation as to whether [one inmate] alone, or [the other inmate] alone, or both of them, had possession. No doubt one did; perhaps both did. But proof that does not give a rational basis for resolving the doubts necessarily present in the situation pictured to the DHO in this case is not sufficient.

Petitioner's memorandum of law (Dkt. #2), p. 5.

Regarding the level of evidence necessary to support prison disciplinary proceedings, the Supreme Court has said that only "some evidence" is necessary:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board.

*Superintendent v. Hill*, 472 U.S. 445, 455-56 (emphasis supplied).

Constructive possession is sufficient to hold one responsible for possession of a weapon. Indeed, Petitioner has cited a case stating just that:

> In addition, under the doctrine of constructive possession, Plaintiff is responsible for contraband found in his cell. *White v. Kane*, 860 F.Supp. 1075, 1079 (E.D. Pa. 1994). *See Griffin v. Spratt*, 969 F.2d 16 (3rd Cir. 1992). The doctrine has been extended so far as situations where other inmates claimed responsibility for contraband found during cell searches. *Id.* Finally, Sgt. Brown and Warden Wagner were well within their discretion under *Wolff* in finding the guard's report more credible than Plaintiff's testimony and denying Plaintiff's fingerprint analysis of the shank.

*Okocci v. Klein, C.O.*, 270 F.Supp. 2d 603, 613 (E.D. Pa. 2003).

## **CONCLUSION**

The *Wolff* procedural requirements were met in this case and the evidence was sufficient to support the finding by the DHO that Petitioner was responsible for the weapon. Therefore, the petition fails on the merits and judgment will be entered for Respondent.

It is therefore ORDERED AND ADJUDGED that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner.

3. The Clerk shall terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2011.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-152.Ocala Rivera.wpd*